# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-50365
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 7, 2020

Lyle W. Cayce
Clerk

FEMI ONABAJO; CHRISTY ONABAJO,

    Plaintiffs - Appellants

v.

HOUSEHOLD FINANCE CORPORATION III; HSBC MORTGAGE
SERVICES, INCORPORATED, formerly known as Household Financial
Services, Incorporated; STANWICH MORTGAGE LOAN TRUST A,

    Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC 1:18-CV-233

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

    Following judicial foreclosure on their home, Femi and Christy Onabajo brought this suit, alleging that the foreclosure sale was void because their home equity loan failed to comply with the requirements of the Texas

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50365

Constitution.  The Onabajos appeal the district court's dismissal of their quiet title claim and denial of a motion to amend their complaint.  We affirm.

I.

On October 15, 1999, the Onabajos purchased a home for a contract price of $228,780, with a mortgage note of $205,900.  A few months prior, an appraiser had valued the property at $230,000.  In June 2001, the Onabajos refinanced their mortgage through a home equity loan for $248,000.  At that time, Home Capital, Inc., the Onabajos' lender, appraised the fair market value of the home at $310,000, which the Onabajos contend was inaccurate. According to the Onabajos, the true value of their property was closer to $239,738, which reflected the value of the property as assessed by the Travis County Central Appraisal District.  The Onabajos further contend that they were unaware that the lender had conducted an appraisal because no appraiser entered their home to conduct an appraisal, they were not provided a copy of an appraisal report, and they do not remember receiving a document providing them with instructions on how to obtain a copy of the appraisal. Eventually, the Onabajos defaulted on their home equity loan, and Household Finance Corporation III (HFC), an assignee of Home Capital, Inc., initiated judicial foreclosure proceedings against them.  On October 20, 2011, the state court granted HFC's request for judicial foreclosure, and HFC subsequently foreclosed and sold the property to itself for $238,046.90.

Following several state court forcible detainer proceedings between the Onabajos and HFC, the Onabajos filed this suit.  Relevant to this appeal is the Onabajos' quiet title claim, which alleged that their home equity loan was void because the principal loan amount exceeded eighty percent of the home's fair market value.  The defendants filed a motion to dismiss the Onabajos' second amended complaint, which the district court referred to a magistrate judge. The magistrate judge recommended that the district court dismiss the

2

No. 19-50365

Onabajos' second amended complaint and deny the Onabajos leave to amend the complaint. The Onabajos timely filed objections to the magistrate judge's report and recommendation and filed a motion for leave to amend their complaint. The district court overruled the Onabajos' objections, denied their motion for leave to amend, and dismissed the suit. This appeal follows.

II.

As an initial matter, the Onabajos have failed to substantively address the denial of their motion for leave to amend. Instead, in their initial brief, they recite the standard of review for the denial of leave to amend, and state in a single sentence that "even if [the Second Amended Complaint] was still lacking, it would not be futile for the Onabajos to amend their complaint to include all of the facts described herein." Even in their reply brief, the Onabajos fail to respond to the defendants' argument that their motion to amend was untimely under the district court's scheduling order. The Onabajos' briefing on this issue falls short of the requirement that an appellant's brief "must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8). And we therefore consider the issue waived.

We thus turn to the Onabajos' challenge to the district court's dismissal of their quiet title claim. We review a district court's 12(b)(6) dismissal of a complaint *de novo. See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 734 (5th Cir. 2019). We view the allegations contained in the complaint as true and view the facts in the light most favorable to the plaintiff. *Id.* at 735. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Typically, when ruling on a motion to dismiss, courts

3

may consider only the allegations in the complaint and any exhibits attached thereto. *See* Fed. R. Civ. P. 12(d). However, this court may also consider documents attached to a motion to dismiss if those documents: (1) are referred to in the plaintiff's complaint and (2) are central to the plaintiff's claim. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

To prevail in an action to quiet title, a "plaintiff must show (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *Vernon v. Perrien*, 390 S.W. 3d 47, 61 (Tex. App.–El Paso 2012, pet. denied). Here, the Onabajos allege that their home equity loan was void because the loan amount was more than eighty percent of their home's value.

The Texas Constitution limits the extension of credit to a principal loan amount that "does not exceed 80 percent of the fair market value of the homestead on the date the extension of credit is made." TEX. CONST. art. XVI, § 50(a)(6)(B).[1] When this requirement is not met, the lien is invalid, and all principal and interest are forfeited. *Id.* § 50(a)(6)(Q)(x). Under Texas law, however, a "lender or assignee for value may conclusively rely on [a] written acknowledgement as to the fair market value of the homestead property" so long as two requirements are met:

> (1) the value acknowledged to is the value estimate in an appraisal or evaluation prepared in accordance with a state or federal requirement applicable to an extension of credit under Subsection (a)(6); and

> (2) the lender or assignee does not have actual knowledge at the time of the payment of value or advance of funds by the lender or assignee that the fair market value stated in the written acknowledgement was incorrect.

---

[1] Although this provision has subsequently been amended, the parties agreed that, for the purposes of the defendants' motion to dismiss, the version that was in effect when the Onabajos refinanced their home is the version that applies to the Onabajos' quiet title claims.

*Id.* § 50(h).

The Onabajos admit that they signed an acknowledgment, which stated that the fair market value of their home was $310,000.  The Onabajos argue, however, that the 2001 appraisal failed to comply with state and federal requirements and that their lender knew that the fair market value listed in the acknowledgement was inaccurate.  But the Onabajos' second amended complaint does not point to any federal or state requirement that the 2001 appraisal failed to comply with.  Instead, the facts that the Onabajos state show that the appraisal failed to comply with the applicable regulations all come from an expert report, which was not referred to in the second amended complaint.  Thus, the district court could not consider these facts when ruling on the motion to dismiss.  *Collins*, 224 F.3d at 498–99.

The allegations contained within the second amended complaint also fail to plausibly suggest that the lender had actual knowledge that the fair market value stated in the written acknowledgement was incorrect.  The Onabajos' allegation that "the lender, broker, appraiser and assignees acted in collaboration to falsely inflate the value of the property" is a naked assertion, which, standing alone, fails to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 678.  And, for the reasons explained by the district court, allegations that (1) the Onabajos did not receive a copy of the 2001 appraisal report, (2) the Onabajos do not remember signing a document providing them with instructions on how to obtain a copy of the appraisal, (3) an appraiser never entered their home, and (4) other valuations valued the property at less than $310,000 do not give rise to the reasonable inference that the lender had *actual knowledge at the time of the loan* that the fair market value stated in the acknowledgement was incorrect.  Nor do accusations that the defendants contributed to the mid-2000s mortgage crisis or engaged in abusive practices towards other borrowers plausibly suggest actual knowledge that the fair

No. 19-50365

market value of the Onabajos' home was less than $310,000. Thus, the district court did not err when it dismissed the Onabajos' claim that the loan violated the Texas constitution because the principal loan amount exceeded eighty percent of their home's fair market value. The judgment of the district court is

AFFIRMED.